IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. COSS, JR., | : | CIVIL ACTION NO. **3:CV-10-1803** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| SUPERINTENDENT LAWLER, et al., | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On August 27, 2010, Petitioner, Edward R. Coss, Jr., while an inmate at SCI-Huntingdon, Huntingdon, Pennsylvania, filed, *pro se*, a lengthy 31-page petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner names as Respondents SCI-Huntingdon Superintendent Lawler, Lackawanna County District Attorney, and the Attorney General of Pennsylvania.[1] Petitioner paid the required filing fee. (Doc. 4). Petitioner's latest habeas petition was dated August 23, 2010, and it was filed with the Court on August 27, 2010. Petitioner was released from SCI-Huntingdon and now resides in Scranton. (*See* Docket).

---

[1] Petitioner correctly named SCI-Huntingdon Superintendent Lawler since Lawler had custody of Petitioner when his habeas petition was filed. *See* 28 U.S.C. § 2241 and 2242.
We also note that Petitioner Coss has filed several other habeas petitions with this Court, namely, *Coss v. Lackawanna County District Attorney, et al.*, 1:CV-94-1481; *Coss v. Mazurkiewicz, et al.*, 1:CV-97-0274; *Coss v. Morgan, et al.*, 1:CV-01-0878; *Coss v. Warden of Lackawanna County Prison*, 1:CV-04-1250; *Coss v. Wynder, et al.*, 1:CV-04-1847; *Coss v. Palakovich, et al.*, 1:CV-05-0246; *Coss v. Palakovich, et al.*, 1:CV-05-0247; *Coss v. Warden Lackawanna County Prison et al.*, 1:CV-08-1046; and *Coss v. Lackawanna County District Attorney, et al.*, 1:CV-08-1333.

Petitioner challenges his August 31, 2009 guilty plea, while proceeding *pro se*, to a misdemeanor theft charge and his sentence imposed on the same date in Lackawanna County Court of Common Pleas ("CCP").² Petitioner's theft conviction stemmed from his unauthorized performance of business on behalf of Caps Auto Sales in Carbondale, PA, and collection of money from its customers. Petitioner states that he only plead guilty to the theft charge since he did not have any evidence to show he was employed with Caps Auto Sales during the relevant time. He states that he did not have counsel with respect to his criminal charges and that the Lackawanna County Assistant District Attorney, Ware, told him that the prosecution had "a guy [Michael Caporali, owner of Caps Auto] that says you had nothing to do with his business, and your doing business in Caps Name." (*Id.*, ¶ 73.). Petitioner contends that he now has evidence to prove he worked for Caps Auto Sales during the relevant time and that this evidence demonstrates that he is actually innocent of his convicted theft offense.

Petitioner states that after his August 31, 2009 sentence by the CCP, he filed an insurance claim with Erie Insurance Company, Caps Auto's carrier, regarding a March 8, 2008 motor vehicle accident which he had, allegedly while he was working for Caps Auto. Petitioner states that on January 12, 2010, an officer of Erie Insurance sent him a letter and confirmed that he was employed by Caps Auto. Petitioner states that unbeknownst to police, Caporali confirmed his employment status with Erie Insurance and that Caporali did this during the time period when the

---

²Petitioner's Lackawanna County CCP docket sheet, # CP-35-CR-1277-2009, reveals that Petitioner pled guilty to deceptive business practices, 18 Pa.C.S.A. § 4107(a)(2), on August 31, 2009, and that he received a sentence of incarceration of a minimum of 3 months to a maximum of 12 months. *See http://ujsportal.pacourts.us.* Petitioner has fully served his Lackawanna County Court sentence.

police detective (Blazosek) interviewed him regarding a possible theft, *i.e.*, between June 9, 2008 and January 7, 2009. Petitioner states that this shows Caporali lied to the detective about the theft charges which resulted in his arrest and later conviction since he had authority to conduct business on behalf of Caps Auto. (*Id.*, ¶'s 80.-83.).

Petitioner states that after he received the letter from Erie Insurance, he filed, *pro se*, a motion with the CCP to have his conviction vacated. Petitioner states that the CCP trial court construed Petitioner's motion as a PCRA Petition and appointed Attorney Lynott to represent him. (*Id.*, ¶ 86.). Petitioner states that Attorney Lynott then requested permission to withdraw as his counsel due to a conflict and that the Court granted Lynott's request. Petitioner states that the CCP trial court then appointed Attorney McDonald to represent him, and he indicates that his new counsel was going to file an Amended PCRA Petition.[3] Petitioner states that "[t]o date no amendment of said PCRA [Petition] has occurred, and this fact has triggered Petitioner to file the [present petition for] writ of habeas corpus." (*Id.*, ¶ 87.-88.). Also, Petitioner states his new counsel knew that "time is of the essence, in light of [the] fact that [Petitioner's] maximum sentence is due to expire on August 31, 2010." (*Id.*).

---

[3]Petitioner's CCP docket sheet reveals that Attorney McDonald was appointed to represent Petitioner on June 25, 2010, and that an Amended PCRA Petition was filed on behalf of Petitioner on August 23, 2010.

3

Petitioner concludes that he will suffer collateral consequences as a result of his August 31, 2009 theft conviction "obtained ... by use of fraud", "including the fact that Petitioner has been informed that he will not be allowed to be employed in the vehicle industry while on parole and that because of said conviction relating to deceptiveness Petitioner will be excluded from holding any position of trust." (*Id.*, ¶ 89.). Petitioner states that his "niche in life [is] working with people and vehicles" and that without this employment "he will suffer emensely (sic) and not be able to provide for his family." (*Id.*).

Petitioner seeks this Court to find that the state court violated his constitutional rights for a myriad of reasons, including violation of his Sixth Amendment right to counsel, and that there was not sufficient credible evidence to establish beyond a reasonable doubt that he committed theft. Petitioner also seeks this Court to find that he was denied the right to effective assistance of counsel since his appointed PCRA attorneys "failed to amend [his *pro se* PCRA Petition] and pursue evidentiary hearing in State Court prior to maximum term expiring on [his] sentence." (*Id.*, Section III.).

As relief, Petitioner requests this Court to dismiss his state court theft charges.[4] In the alternative, Petitioner requests that this Court allow him to withdraw his CCP guilty plea and to order the state court to give him a trial. (*Id.*, Section IV.). The habeas petition was served on Respondents on October 4, 2011, directing them to address the Petitioner's claims. Respondents filed a response to petition for habeas corpus and brief on January 25, 2012. After the Court

---

[4] Petitioner also requested that this Court issue an order to release him from custody which is now moot.

granted an extension of time, Petitioner filed a traverse on February 29, 2012.

Respondents have conceded that the petitioner's habeas corpus was timely filed and that he exhausted all of his claims in the state court except petitioner's claim alleging the state court violated his rights when he was found guilty of a crime based on his admission to the crime and without other evidence and, the claim alleging that he was denied effective assistance of counsel from Kurt Lynott and Terrence McDonald for their failure to amend and pursue an evidentiary hearing in state court prior to petitioner's maximum expiring.  Respondents contend that petitioner's claim regarding having been found guilty has not been exhausted, but Respondents do not give a reason for their belief.  Petitioner's new evidence claim was just recently discovered by Petitioner, *i.e.* when he received the January 12, 2010 letter from Erie Insurance, and it has not been litigated in the state courts.  Thus, Petitioner's state court remedies are clearly not exhausted, at least with respect to his numerous claims pertaining to the newly discovered evidence.  The habeas petition indicates that Petitioner filed a *pro se* PCRA Petition, pursuant to 42 Pa.C.S.A. §§9541, *et seq.*, seeking relief based, in part, on newly discovered evidence (*i.e.* that the owner of Caps Auto allegedly admitted to Erie Insurance that Petitioner was an employee of Caps). Petitioner's CCP docket sheet shows that his second appointed counsel filed an Amended PCRA Petition on Petitioner's behalf on August 23, 2010.  Also, Petitioner's docket sheet shows that he did not receive a decision from the Lackawanna County Court on his Amended PCRA Petition. Therefore, even though the stated claim was not exhausted in state court, on November 8, 2010, the District Court held that since it appeared that Petitioner Coss finished serving his sentence on the challenged conviction on September 10, 2010, PA courts will not adjudicate a PCRA Petition

even if it was filed prior to the expiration of the sentence. (Doc. 8, pp. 1-2)(citation omitted). Thus, the District Court stated that "PCRA proceedings do not appear to be an available remedy [for Petitioner Coss], and exhaustion does not appear to bar consideration of the 2254 petition." (Id., p. 2(citation omitted).

Respondents further contend that the ineffective assistance of counsel claim regarding Attorneys Lynott and McDonald is precluded under 28 U.S.C. § 2254(i). We agree. The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254. 28 U.S.C. § 2254(i).

## II. Standard of Review.

Review of the Petitioner's habeas claims is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. "A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. The AEDPA imposes a highly deferential standard for evaluating state-court

rulings and demands that state-court decisions be given the benefit of the doubt. *Felkner v. Jackson*, ---- U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*). A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888 (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)). Then, if the court determines that the state court's decision was not "contrary to" federal law, "either

because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id*. at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

**III. Discussion.**

Petitioner is seeking to challenge his August 31, 2009 Lackawanna County theft conviction and sentence. Petitioner alleges that the state court violated his constitutional rights when they failed to provide him with counsel at his preliminary hearing and failed to obtain a waiver form to waive his second preliminary hearing. (Doc. 1, ¶'s A., C.) Petitioner further alleges that the court did not require a signed waiver of counsel form or guilty plea colloquy. (*Id.*, I., J.). As stated, Petitioner Coss has now fully served his Lackawanna County theft sentence.

On May 20, 2009, a preliminary hearing was held in front of Lackawanna County Magistrate Giglio. (Doc. 95, Ex. D). At the preliminary hearing, petitioner indicated that he wished to proceed without counsel and he was given a waiver of counsel form to complete. (*Id.,* Ex. E). Magistrate Giglio was familiar with petitioner and the fact that he frequently represents himself in Lackawanna County. Magistrate Giglio further instructed petitioner how to fill out the form.

Magistrate Giglio conducted the waiver of counsel colloquy on the record:

> Magistrate Giglio: Let's start – let's do this one step at a time. You do not
> have counsel today?

> Petitioner: No.
>
> Magistrate Giglio: Do you want me to waive your right to counsel?
>
> Petitioner: Yes.
>
> Magistrate Giglio: Sheriff, take these to him. You've seen those before. After every "I" sign your name...

(Doc. 95, Ex. D, p. 8). The form was signed by petitioner and initialed on every line by petitioner. (*Id.*).

The record reflects that Petitioner knowingly and voluntarily waived his right to counsel on the record. The Pennsylvania Supreme Court has held that the right to counsel attaches at a critical stage in the proceeding and ordinarily the preliminary hearing is not a critical stage in Pennsylvania criminal proceedings. *Commonwealth ex rel. Lofton v. Russell*, 418 Pa. 517, 519, 211 A.2d 427 (1965). Petitioner entered a plea of not guilty at the preliminary hearing. Nothing that occurred at the preliminary hearing was introduced into evidence nor in any way affected the subsequent proceedings, thus showing the preliminary hearing was not a critical stage here. *Commonwealth ex rel. Mullenaux v. Myers*, 421 Pa. 61, 217 A.2d 730 (1966). Furthermore, petitioner subsequently negotiated a plea agreement to a lesser charge than the charges bound over at the preliminary hearing. There were no events which transpired which were likely to prejudice the trial and there is no showing of any deprivation of petitioner's constitutional rights in this regard. *Commonwealth of Pa. ex rel. Whiting v. Cavell*, 244 F.Supp. 560, 569-570 (M.D.Pa.1965); *United States ex rel. Parker v. Myers*, 233 F.Supp. 563 (E.D.Pa.1964), aff'd. 341 F.2d 303 (3d Cir. 1965). Petitioner's allegations as to his

lack of counsel in this regard are meritless.

The preliminary hearing went forward. The Commonwealth indicated that the first witness to testify related to both of the criminal informations filed against plaintiff, 09-CR-1277 and 09-CR-1278. The Commonwealth presented its case against petitioner. Respondent admits that Petitioner never put on a defense other than cross-examination of the Commonwealth's witnesses. Petitioner signed a waiver of preliminary hearing form dated May 20, 2009, which the Respondent has noted may have been for the remainder of the preliminary hearing. Nonetheless, the waiver of the preliminary hearing did not adversely affect petitioner as the preliminary hearing appears to have been for both of petitioner's cases, 09-CR-1277 and 09-CR-1278. Importantly, the charges on the second criminal information, 09-CR-1278, were nol prossed by the Commonwealth, thereby causing no harm to petitioner.

A pretrial conference was later scheduled which resulted in a guilty plea by petitioner to the reduced charge of deceptive business practices, 18 Pa. § C.S.A. 4107(a)(2), a misdemeanor of the second degree, in case 09-CR-1277. The felony charges and the summary offense under 09-CR-1277 and, the misdemeanor charges and summary offense under 09-CR-1278 were later nol prossed by the trial court. Petitioner alleges that the court did not require a signed waiver of counsel form or guilty plea colloquy, therefore the plea was defective. (Doc. 1, I., J.).

Prior to accepting petitioner's guilty plea, the trial court conducted a plea colloquy pursuant to Pa.R.Crim.P. Rule 590, which provides as follows:

> (B) (1)  When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record *in camera* and the record sealed.
>
> (2)  The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

During the plea colloquy, the record reflects that petitioner had the guilty plea read to him. (Doc. 95, Ex. G, p. 13).  The court asked the petitioner if he had been threatened into pleading guilty; he answered that he had not. (*Id.*, p. 14.).  The court also asked petitioner whether anyone had made any promises to him that were not contained in the guilty plea, to induce his change of plea. (*Id.*, p. 13.). He answered that no one had done so. (*Id.*).  The Court further instructed petitioner that he had the right to plead not guilty, the right to a jury trial and to confront and cross-examine witnesses. (*Id.*, pp. 11-12).  The charge and the maximum penalty the court could impose were also addressed with plaintiff. (*Id.*, p. 13.).

Prior to accepting the guilty plea, the court also conducted the following colloquy with regard to the waiver of counsel on the record:

> Judge Geroulo: Mr. Coss, are you choosing to represent yourself this morning?
>
> Petitioner: Yes.

11

> Judge Geroulo: Do you realize that you have a right to a lawyer?
>
> Petitioner: Yes.
>
> Judge Geroulo: And if you cannot afford a lawyer, you're entitled to a free lawyer. Do you understand that?
>
> Petitioner: Yes.
>
> Judge Geroulo: And if you choose to proceed in representing yourself, you will be bound by all the rules of court, all the rules of evidence and all the laws that would apply to this specific case. Do you understand that?
>
> Petitioner: Yes, sir.
>
> Judge Geroulo: You understand that a lawyer who is trained in the law might be aware of defenses and positions that you could take including motions to dismiss which might result in a complete termination of your prosecution without further action. But if you proceed to represent yourself, you are giving up those rights and they may be lost and waived forever. Do you understand that?
>
> Petitioner: Yes.

(Doc. 95, Ex. G, pp. 9-10).

Prior to the plea, the judge informed petitioner of the rights he was giving up by pleading guilty and repeated the terms of the plea agreement. (*Id.*, pp. 11-13). Petitioner asserted on the record that he understood all of his rights and agreed with the terms of the plea agreement. (*Id.*). Petitioner also indicated that no promises had been made to him and he was not threatened to plead guilty. (*Id.*). Before accepting the plea from petitioner, **petitioner admitted the facts as they were presented by the Commonwealth were true, particularly that the victim attempted to buy a vehicle from him to which he did not have lawful title**. (*Id.*, p. 14)(emphasis added).

Following the colloquy with petitioner, the court found that petitioner was competent to plead; that his plea was voluntary and not the result of force, threats, or promises apart from the guilty plea; and that he understood the charges against him, his legal rights, and the maximum possible penalties he faced. (*Id.*, p. 15). There is evidence in the record of the negotiated guilty plea agreement and petitioner's change of plea colloquy, that he knowingly and voluntarily agreed to plead guilty to a lesser charge. The Pennsylvania Rules of Criminal procedure do not require that a signed waiver of counsel form or guilty plea colloquy be in writing. Both the guilty plea and the court's colloquy with petitioner demonstrate that petitioner was fully informed of his rights and the Commonwealth's obligations. Furthermore, petitioner indicated by his responses to the court's questions that he understood the waiver of counsel. Additionally, as stated, petitioner admitted the facts as they were presented by the Commonwealth were true, particularly that the victim attempted to buy a vehicle from him to which he did not have lawful title. Therefore, we find that petitioner knowingly and voluntarily entered into the guilty plea. The on-the-record guilty plea colloquy shows that Petitioner understood the theft charge to which he was pleading guilty and that he voluntarily admitted he tired to sell a vehicle to the victim to which he did not have legal title. Additionally, the letter Petitioner subsequently received from Erie Insurance did not prove that Petitioner was authorized by Caps to sell the vehicle in question.

Accordingly, we will recommend that Petitioner's habeas petition be denied on its merits.

**IV. Recommendation.**

Based on the foregoing, we respectfully recommend that Petitioner 's habeas petition (**Doc. 1**) be denied on its merits.

                                 **s/ Thomas M. Blewitt**
                                 **THOMAS M. BLEWITT**
                                 **United States Magistrate Judge**

**Dated: May 16, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. COSS, JR., | : | CIVIL ACTION NO. **3:CV-10-1803** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SUPERINTENDENT LAWLER, et al., | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 16, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                  s/ Thomas M. Blewitt
                                                                  **THOMAS M. BLEWITT**
                                                                  **United States Magistrate Judge**

**Dated: May 16, 2012**