IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD R. COSS, JR., : | |
|     Petitioner : | CIVIL NO. 3:10-CV-1803 |
|                                  : | |
|       v. : | (Judge Caldwell) |
|                                  : | |
| SUPERINTENDENT LAWLER, *et al.*, : | (Magistrate Judge Blewitt) |
|     Respondents : | |

*M E M O R A N D U M*

I.  *Introduction*

Edward R. Coss, Jr. filed this habeas corpus petition pro se under 28 U.S.C. § 2254 challenging an August 2009 conviction in the Court of Common Pleas of Lackawanna County, Pennsylvania, on a misdemeanor charge of a deceptive-business practice. The charge arose from his sale of a Ford Explorer for which he lacked title. He was sentenced to three to twelve months in prison, a term he has already served.

We are considering Petitioner's objections to the report of the magistrate judge. The report recommends that the petition be denied on the merits, principally on the grounds that Petitioner's waiver of the right to counsel and his guilty plea to the deceptive-business charge were constitutionally valid.

When a petitioner objects to any portions of the magistrate judge's report and recommendation, we must make a *de novo* determination of those portions. 28 U.S.C. § 636(b)(1). Otherwise, we may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendations. *Id.* For the following reasons, we will accept the recommendation and dismiss the petition.

II. *Discussion*

The magistrate judge's report sets forth the basic facts, and familiarity with the report is assumed for the purpose of this memorandum. At a pretrial conference held in the criminal case on August 31, 2009, Petitioner: (1) waived his right to counsel after a colloquy; (2) pled guilty after a plea colloquy to the deceptive-business-practice charge, a violation of 18 Pa. Con. Stat. Ann. § 4107(a)(2) (West Supp. 2012); and (3) was sentenced to three to twelve months in prison and to pay $1,200 in restitution.[1]

In his habeas petition, Petitioner challenged his waiver of counsel because it was not in writing. The magistrate judge correctly noted that there is no requirement that it be in writing. (Doc. 99, p. 13). In his objections, Petitioner asserts that he had negotiated the plea agreement with the prosecutor before the hearing so that the waiver of counsel that occurred at the hearing could not have applied to the plea negotiations, a critical stage of criminal proceedings where counsel is needed. We disagree. In context, the waiver was intended to cover all of Petitioner's actions that day. Petitioner obviously knew of the agreement he had made for himself and, in fact, the agreement had been put on the record. He could have insisted on his right to counsel, after reflecting on the plea bargain and after having been advised of the risks of representing himself. And he certainly could have decided not to plead guilty. We conclude that the waiver of counsel covers the plea negotiations.

Petitioner's next objection is that the magistrate judge overlooked his assertion that the prosecutor told Petitioner that the case could be reopened if Petitioner could prove at a later date that he was employed by Cap's Auto Sales.

---

[1] At the time, Petitioner was already incarcerated on another offense for which he still had to serve about twelve to fourteen months. (Doc. 95-4, pretrial conference transcript, ECF p. 7). The sentence was imposed to run concurrently with the sentence he was already serving, in accord with a plea agreement document Petitioner had made with the prosecutor.

2

(Doc. 102, Pet'r's Objections, p. 6).[2]  Petitioner contends that the prosecutor's representation improperly induced the waiver of counsel and guilty plea.

We look to *Zilich v. Reid*, 36 F.3d 317, 321 (3d Cir. 1994), for guidance on this issue.  In that case, the Third Circuit said that a "guilty plea induced by promises that divest the plea of its voluntary character is void." *Id.* at 321 (citing Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473, 478 (1962)).  We will assume that the prosecutor made the statement and that it induced Petitioner's waiver of counsel and guilty plea.  The difficulty for Petitioner, and as the magistrate judge noted, is that during his guilty-plea colloquy, he made the representation that no promises or threats had been made to him other than those that were part of the plea agreement.  (Doc. 95-4, ECF 9).  A defendant in these circumstances bears a "heavy burden." *Zilich*, *supra*, 36 F.3d at 320.  Petitioner's representation "ought not to be lightly cast aside." *Id.*  We could look past the representation if there is a possibility that an inherent part of the agreement was to keep the promise of a possible future reopening of the case off the record. *See Zilich*, *supra*, 36 F.3d 322, but there is no reason why Petitioner would not have mentioned this type of promise on the record when asked.  Nor does Petitioner assert any reason why this promise was not mentioned on the record.  The objection therefore lacks merit.

Aside from the objections' lack of merit, the petition also fails because Petitioner did not exhaust state-court remedies on his waiver-of-counsel and guilty-plea claims, and Petitioner cannot show cause-and-prejudice or a miscarriage of justice to allow us to adjudicate these claims on the merits.  This issue was raised in

---

[2] Elsewhere, Petitioner alleges the promise was that the trial court "would entertain a motion vacating the conviction" if Petitioner could later prove he was employed by Cap's Auto Sales, (Doc. 1, 2241 Petition ¶ 73), or that the state-court would in fact vacate the conviction if he proved he worked there.  (*Id.*, ECF p. 27).

Respondents' answer filed on December 6, 2010, and fully briefed by the parties at that time. Petitioner could have, and should have, raised both these claims on direct appeal. *See, e.g., Commonwealth v. Hanyon*, 772 A.2d 1033, 1035 (Pa. Super. Ct. 2001). Contrary to Petitioner's contention, these claims could have been presented on the record of the August 31, 2009, hearing.

A federal court cannot grant habeas relief to a section 2254 petitioner unless the petitioner has exhausted the remedies "available" in state court on his federal claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Slutzker v. Johnson,* 393 F.3d 373, 379 (3d Cir. 2004) (citing section 2254(b)(1)(A)). When "further state-court review is clearly foreclosed under state law, exhaustion is excused on the grounds of futility." *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001). Exhaustion is excused for Petitioner because, as we noted in our order of November 11, 2010, the state courts will not entertain a postconviction petition now because Petitioner is no longer in custody on his conviction. *See Commonwealth v. Ahlborn*, 548 Pa. 547, 699 A.2d 718 (1997).

So that section 2254 petitioners do not avoid the exhaustion requirement by failing to present their claims in state court, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999), federal courts do not consider procedurally defaulted claims. However, federal courts can evaluate the merits of procedurally defaulted claims if the petitioner shows either: (1) cause and prejudice; or (2) a fundamental miscarriage of justice. *See Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000).

Petitioner cannot meet the cause-and-prejudice standard because he cannot show cause for his default. To demonstrate "cause" for a procedural default, the petitioner must show that some objective factor external to the defense impeded

the petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Leyva v. Williams,* 504 F.3d 357, 366 (3d Cir. 2007). There was no factor external to the defense here as it was Petitioner who did not take a direct appeal. We note that at the August 31, 2009, hearing the trial court advised Petitioner of his right to appeal and that he had the right to counsel for that appeal, regardless of the waiver of counsel he had made for the hearing. (Doc. 95-4, ECF p. 10).

The fundamental-miscarriage-of-justice exception is a claim of actual innocence. *See House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006). To satisfy this exception, "a petitioner must demonstrate two things . . . . First, a petitioner must present new, reliable evidence that was not presented at trial. *Schlup* [v. Delo], 513 U.S. [298,] 324, 115 S.Ct. [851,] 865, [130 L.Ed.2d 808 (1995]. Second, a petitioner must show by a preponderance of the evidence, "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. *Id.* at 327, 115 S.Ct. at 867." *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010). The court examines not just the new evidence but the old evidence as well. *House*, 547 U.S. at 538, 126 S.Ct. at 2077.

Petitioner cannot make a showing of actual innocence. He was originally charged in two separate informations, CP-35-CR-1277-2009 and CP-35-CR-1278-2009, with violations of 18 Pa. Con. Stat. Ann. §§ 3922(a)(1), and (a)(3) (West 1983).[3]

---

[3] In pertinent part, section 3922 provides as follows:

(a) Offense defined.--A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind;
. . .;

. . . . ; or

He pled the charges down to a violation of 18 Pa. Con. Stat. Ann. § 4107(a)(2) (West Supp. 2012).[4]  When the government has foregone more serious charges, the defendant must show actual innocence of the dismissed charges. *Johnson v. Pinchak*, 392 F.3d 551, 564 (3d Cir. 2004).

For the reasons advanced by Respondents, Petitioner cannot show actual innocence of the dismissed charges, based on a summary of evidence presented at the preliminary hearing. (Doc. 16, Respondents' Answer at pp. 12-13). Petitioner claims he is actually innocent, but bases this contention on evidence that could be seen as merely disputing the Commonwealth's case, or on a claim that the Commonwealth's witnesses were committing perjury. This is not sufficient to make out a claim of actual innocence.[5]

---

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

Under this section, Petitioner was charged with falsely creating the impression he was a licensed auto dealer by selling the victim the Ford Explorer which was titled in another person's name.

[4]  In pertinent part, section 4107(a)(2) makes it a violation for a person "in the course of business" to sell "less than the represented quantity of any commodity or service."

[5]  Petitioner asserts that newly discovered evidence supports his innocence and that he was falsely charged. That evidence consists of a letter, dated January 12, 2010, to him from Erie Insurance, the automobile insurer for Cap's Auto Sales, confirming that he was an employee of Cap's Auto Sales on the date of an automobile accident on March 8, 2008. (Doc. 34, ECF p. 58). As Respondents point out, that Petitioner was an employee of Caps' Auto Sales is immaterial when that does not establish he was a car dealer.

Petitioner also claims that the victim to whom he sold the Ford Explorer perjured herself because she testified at the preliminary hearing that she gave him $2,100 in cash but the "MV4ST" form (Doc. 95-6, ECF 8) indicated that the sales price of the vehicle was $1,200 after a trade-in valued at $900. This contention ignores the victim's testimony that she did indeed give Petitioner $2,100 in cash (Doc. 95-3, ECF 17) and that a receipt petitioner gave her lists the transaction at $2,100 with no trade-in credit. (Doc. 95-6, ECF 2).

III.  *Conclusion*

We will issue an order denying the section 2254 petition.[6]  The order will also deny a certificate of appealability, based on the analysis in this memorandum and the portions of the magistrate judge's report with which we agree.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

    /s/ William W. Caldwell
William W. Caldwell
United States District Judge

July 26, 2012

---

[6] We note that we agree with the magistrate judge that Petitioner's claims based on the ineffective assistance of state-court postconviction counsel lacks merit. See 28 U.S.C. § 2254(i). We also agree that Petitioner cannot make constitutional challenges based on events at his preliminary hearing as those events had no impact on Petitioner's conviction and sentence.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. COSS, JR., | : | |
|     Petitioner | : | CIVIL NO. 3:10-CV-1803 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| SUPERINTENDENT LAWLER, *et al.*, | : | (Magistrate Judge Blewitt) |
|     Respondents | : | |

*O R D E R*

AND NOW, this 26th day of July, 2012, upon consideration of the magistrate judge's report (Doc. 99) and the objections (Doc. 102) thereto, it is ORDERED that:

    1. The petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

    2. A certificate of appealability is denied.

    3. The Clerk of Court shall close this file.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge